# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Alex Springs, *on behalf of C.S.*; ) <br> Courtney Springs, *on behalf of C.S.*, ) <br> ) <br>      Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Waffle House, Inc., ) <br> ) <br>      Defendant. ) <br> _____ ) | Civil Action No. 3:18-cv-03516-JMC <br><br><br> **ORDER** |

  The matter before the court is Plaintiffs Alex Springs and Courtney Springs' First Motion to Compel filed on January 28, 2020. (ECF No. 29.) Plaintiffs conducted a Rule 30(b)(6) deposition of Defendant Waffle House, Inc., but claims that the designated witness, Sean Bebbington, an Area Vice President of Waffle House, could not provide the information requested on certain topics. (*Id.* at 2.)

  "[A] district court has wide latitude in controlling discovery and . . . its rulings will not be overturned absent a clear abuse of discretion." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986) (citations omitted). "A motion to compel discovery is addressed to the sound discretion of the district court." *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986); *see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) "The latitude given the district court extends as well to the manner in which it orders the course and scope of discovery." *Ardrey*, 798 F.2d at 682 (citations omitted).

  Federal Rule of Civil Procedure Rule 30(b)(6) provides that a party can name as a deponent a public or private corporation,

> and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing

1

>agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify . . . The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). Stated differently, a corporation must respond to a deposition notice by designating and producing a witness who is familiar with the topics listed in the notice and who can testify on the corporation's behalf, which includes not only his or her personal knowledge but the corporate knowledge as well. *See Ethox Chem., LLC c. Coca-Cola Co.*, No. 6:12-cv-01682-TMC, 2014 WL 2719214, at *1–2 (D.S.C. June 16, 2014) (citation omitted).

After careful consideration of Plaintiffs' Motion, Defendant's Response, and the record, the court finds that Plaintiffs' Motion is unpersuasive. Here, Plaintiffs contend that "Defendant has not yet produced a witness who can testify about lawsuits Defendant *was* involved in regarding hot dishes, hot food, or hot liquid or the policies enacted as a result of those lawsuits." (ECF No. 29 at 2 (emphasis added).) Specifically, Plaintiff asserts that "Defendant was involved in at least one other lawsuit in South Carolina involving a patron suffering from burns as a result of spilled coffee . . . The incident occurred in John's Island[,] [South Carolina], outside of Mr. Bebbington's purview." (*Id.*) However, the relevant topics in Plaintiffs' Rule 30(b)(6) deposition notice seek the following:

>4. Information regarding number of incidents involving burn injuries from hot food or liquid and the facts surrounding those incidents, as well as any reports created as a result of those incidents within two years prior to December 25, 2017.
>
>5. Incidents involving hot liquid spills on Waffle House patrons at Waffle House restaurants and that [sic] facts surrounding those incidents, as well as any reports created as a result of those incidents within two years prior to December 25, 2017.
>
>. . .
>
>8. Lawsuits Defendant *is* involved in regarding burns suffered by patrons from hot dishes, hot food, or hot liquid.

2

(ECF No. 29-1 at 2) (emphasis added).) Plaintiffs' arguments do not suggest that Mr. Bebbington refused to testify about prior incidents occurring between 2015 and the present, as requested in the deposition notice.[1] Instead, Plaintiffs only claim that the 2007 John's Island incident is "outside Mr. Bebbington's purview." (ECF No. 29 at 2.) Thus, Plaintiffs' contention that Mr. Bebbington was unable to provide testimony in accordance with Rule 30(b)(6) is without merit.

Accordingly, the court **DENIES** Plaintiffs Alex Springs and Courtney Springs' First Motion to Compel (ECF No. 29). Counsel is expected to comply with the Local Rules and the Federal Rules of Civil Procedure that require the parties to engage fully in discovery and in good faith.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 12, 2020
Columbia, South Carolina

---

[1] The court observes that in Plaintiffs' Motion, they revise paragraph eight (8) in the deposition notice from present tense to past tense.