IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Alex Springs, *on behalf of C.S.*;<br>Courtney Springs, *on behalf of C.S.*,<br><br>                Plaintiffs,<br><br>v.<br><br>Waffle House, Inc.,<br><br>                Defendant. | Civil Action No. 3:18-cv-03516-JMC<br><br><br>**ORDER AND OPINION** |

Plaintiffs Alex Springs and Courtney Springs filed an action against Defendant Waffle House, Inc. ("Waffle House"), seeking to recover damages for injuries their child suffered as a result of a hot coffee spill. (ECF No. 1 at 1–3.) The matter before the court is Plaintiffs' Second Motion to Compel filed on February 19, 2020. (ECF No. 31.) Plaintiffs request a court order compelling Waffle House, to provide documents in response to Plaintiffs' Second Requests for Production ("RFP"). (*Id.* at 1.) For the reasons stated herein, the court **GRANTS** Plaintiffs' Second Motion to Compel (ECF No. 31).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On December 19, 2018, Plaintiffs filed a Complaint alleging that Waffle Houses' employee "placed a to-go-cup of steaming hot coffee in front of 14-month-old C.S. with the lid unsecured. C.S. instantly reached for the cup. The cup spilled onto his lower body." (ECF No. 1 at 2 ¶ 7.) Moreover, "[a]s a result of the incident, C.S. suffered serious burns to his lower body . . . which required emergency surgery at Augusta Burn Center[.]" (*Id.* at ¶ 7.) Plaintiffs' Complaint provides:

> [Waffle House], through its employees, was negligent, careless, grossly negligent, reckless, willful[,] and wanton at the time and place above mentioned in the following particulars: (1) in failing to properly secure the lid on the cup; (2) in failing to properly inspect the cup; (3) in failing to serve its coffee at a reasonable

1

temperature; (4) in failing to exercise the degree of care which a reasonable prudent person would have exercised under the same circumstances; and (5) in placing the hot coffee directly in front of the minor child with an unsecured lid[.]

(*Id.* at 2–3, (a)–(e).)

On January 9, 2020, Plaintiffs served the Second Set of Requests for Production on Waffle House. (ECF No. 31-1 at 1–3.) Waffle House filed a Response on February 11, 2020. (ECF No. 33-1 at 1–3.) Plaintiffs filed the present Motion to Compel on February 19, 2020 (ECF No. 31), to which Waffle House filed a Response on March 4, 2020 (ECF No. 33).

## II. LEGAL STANDARD

The amendment to Fed. R. Civ. P. 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and *proportional* to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) (emphasis added). The scope of discovery permitted by Fed. R. Civ. P. 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992).

Fed. R. Civ. P. 33(b)(3) requires that each interrogatory must, to the extent there is no objection, be answered separately and fully in writing under oath. Fed. R. Civ. P. 34(a)(1)(A) permits a party to serve upon any other party a request within the scope of Rule 26(b) to produce and permit the requesting party to inspect, copy, test, or sample any designated tangible things. Fed. R. Civ. P. 34(b)(2)(B) requires that for each item or category, the response must either state

2

that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the requests, including the reasons.

Fed. R. Civ. P. 37 states that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "For purposes of [Rule 37(a)], an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).

"[A] district court has wide latitude in controlling discovery and . . . its rulings will not be overturned absent a clear abuse of discretion." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986) (citations omitted). "A motion to compel discovery is addressed to the sound discretion of the district court." *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986); *see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) "The latitude given the district court extends as well to the manner in which it orders the course and scope of discovery." *Ardrey*, 798 F.2d at 682 (citations omitted).

### III. DISCUSSION

**A. Request for Production No. 1**

Plaintiffs' RFP No. 1 seeks:

> Any and all recordings, photographs, videos, reports, witness statements, or other related documentation relating to the incident that occurred at Waffle House in Johns Island, South Carolina, on June 9, 2007, in which a 14-month-old child suffered third degree burns as a result of a hot coffee spill.

(ECF Nos. 31 at 1; 31-1 at 1–2.)

3

1. <u>The Parties' Arguments</u>

Plaintiffs claim that Waffle House objected to the request, cited to its Response to Plaintiffs' First Motion to Compel (ECF No. 30 at 6 ("testimony about the June 2007 incident will never be admissible at trial"), and " point[ed] Plaintiffs to the PACER database for documents from [a] previous lawsuit." (ECF No. 31 at 1–2 (citing *Murray v. Waffle House, Inc.*, C/A No. 2:09-cv-00247-MBS.) Plaintiffs assert that Waffle House's response is inadequate because "not all internal documentation . . . revolving around the June 2007 incident is available as a filed document" and that the incidents are "nearly identical." (*Id.* at 2 (citing *Benedi v. McNeil-P.P.C., Inc.*, 66 F.3d 1378, 1386 (4th Cir. 1995) ("When prior incidents are admitted to prove notice, the required similarity of the prior incidents to the case at hand is more relaxed than when prior incidents are admitted to prove negligence. The incidents need only be sufficiently similar[.]")).)

Waffle House contends that Plaintiffs already have access to "[t]he available responsive documents are those that were filed with this [c]ourt as part of [the 2007 incident] litigation[.] [Waffle House] is not aware of any other responsive documents to [RFP No. 1] within its possession." (ECF No. 33 at 1–2.) Moreover, Waffle House contends that the incidents are not substantially similar because "[t]he present case involves a spill from a to-go cup where the Plaintiffs allege that the lid on the to-go cup was upside down and not properly secured or affixed. The June 2007 incident involved coffee that was served in a coffee mug." (*See id.* at 2–3 (citing *Wickersham v. Ford Motor Co.*, 2017 WL 3783122, *8 (D.S.C. 2017) ("[w]hen a proponent seeks to introduce evidence of prior incidents to prove a defect, the proponent must establish that such incidents were 'substantially similar' to the accident at issue").

2. <u>The Court's Ruling</u>

Confronted by the parties' citations to the "reasonably calculated" discovery standard, the

4

court is constrained to restate the legal standard here. (*See, e.g.,* ECF Nos. 31 at 2 ("The information surrounding the June 2007 incident at Waffle House would be admissible to show Waffle House was on notice . . . [t]hus, [Waffle House] must produce discovery in response to these requests."); 33-1 at 1, 2 ("The documents sought are not relevant and not reasonably calculated to lead to the discovery of relevant or otherwise admissible evidence.")).)

The United States Supreme Court amended Rule 26 of the Federal Rules of Civil Procedure to the "proportionality" standard in December 2015. Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and *proportional* to the needs of the case," including "the parties' relative access to the relevant information, the parties' resources . . . and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Notably, "[i]nformation within this scope of discovery *need not be admissible in evidence to be discoverable.*" *Compare* Fed. R. Civ. P. 26(b)(1) (emphasis added), *with* (ECF No. 33 at 3 (citing Fed. R. Evid. 403) ("There would accordingly have to be a 'trial within a trial' for any evidence of the 2007 incident to ultimately be deemed admissible in the trial of this case, and that would be highly prejudicial, would present many proof and procedural obstacles, and thus is extremely unlikely to occur.")); (ECF No. 33 at 4 ("Most importantly, the [c]ourt should closely scrutinize the Plaintiffs' claim that evidence of the 2007 incident would be relevant. [Plaintiffs] only suggest that evidence of the 2007 incident -- supposedly if proven by a preponderance of the evidence in a 'trial within a trial' . . . Clearly, the Plaintiffs are attempting to use 'notice' as a ruse to present evidence of an incident that occurred in 2007.")).) The court stresses that "[p]arties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case*[.]" Fed. R. Civ. P. 26(b)(1).

The court finds that Waffle House's response to RFP No. 1 is insufficient. Plaintiffs are entitled to information reasonably necessary to develop its case. *See Nat'l Union*, 967 F.2d at 983; *see also Ardrey*, 798 F.2d at 682. The discovery request is relevant and proportional to a cause of action for negligence and, as Plaintiffs point out, Waffle House's counsel represented it in litigation caused by the 2007 incident. (ECF No. 31 at 1–2.) As such, Waffle House likely has access to the information and there is a minimal burden to produce the proposed discovery. *See* Fed. R. Civ. P. 26(b)(1). However, to the extent that Waffle House claims it is unaware of responsive documents within its possession, the court cannot compel a party to produce documents that they do not possess. *See e.g., Payless Shoesource Worldwide, Inc. v. Target Corp.*, No. 5-4023, 2008 WL 973118, at *4 (D. Kan. Apr. 8, 2008) ("Fed. R. Civ. P. 34 does not require a party to create responsive documents if they do not exist in the first instance.") Accordingly, Waffle House is directed to produce documents that are responsive to Plaintiffs' RFP No. 1.

**B. Request for Production No. 2**

Plaintiffs' RFP No. 2 seeks:

> Any and all policies, reports, training documents, evidence of repercussions, or other related documentation regarding any changes, including, but not limited to, policy, training, warnings, or standards, Waffle House implemented after the incident that occurred at Waffle House in Johns Island, South Carolina, on June 9, 2007, in which a 14-month-old child suffered third degree burns as a result of a hot coffee spill.

(ECF Nos. 31 at 1; 31-1 at 1–2.)

1. The Parties' Arguments

Plaintiffs' assertions under RFP No. 1 are incorporated in RFP No. 2. (*See, e.g.,* ECF No. 31 at 3 ("the information surrounding the June 2007 incident at Waffle House would be admissible to show Waffle House was on notice of the dangers of hot coffee being . . . [t]hus, [Waffle House] must produce discovery in response to these requests.").)

6

Like its response to RFP No. 1, Waffle House embarks on a crusade raising, weighing, and vanquishing issues irrelevant to this Motion. (*See, e.g.,* ECF No. 33 at 3–5 (explaining that (1) Plaintiffs' Complaint is deficient; (2) the deadline to amend the pleadings "has long passed"; (3) Plaintiffs "have identified no expert witnesses to opine on the sufficiency of [Waffle House's] policies, procedures, and training"; (4) the deadline to identify expert witnesses "has long passed"; (5) Plaintiffs' request is tantamount to a fishing expedition; (6) "it is highly questionable whether [Plaintiffs] would even have standing" to assert a claim based on Waffle House's policies or training; and (7) "At best, [Plaintiffs] could argue that the policies and training in place in 2017 were deficient, but again, that issue has not even been pled in the Complaint nor supported by expert testimony.").)

    2.   <u>The Court's Ruling</u>

Rule 26 states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). For the reasons stated in the court's ruling on RFP No. 1, the court finds that Plaintiffs are entitled to discovery and directs Waffle House to produce documents responsive to RFP No. 2.

### IV. CONCLUSION

For the reasons stated herein, the court **GRANTS** Plaintiffs' Second Motion to Compel (ECF No. 31).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 14, 2020
Columbia, South Carolina