# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Alex and Courtney Springs, on behalf of their son, C.S., | ) ) ) |
| Plaintiffs, | ) Civil Action No.: 3:18-cv-03516-JMC ) ) **ORDER** ) |
| v. | ) ) |
| Waffle House, Inc., | ) ) |
| Defendant. | ) ) ) |

Plaintiffs Alex and Courtney Springs ("Plaintiffs") filed this action on behalf of their son, C.S. (ECF No. 1). They allege that C.S. suffered second-degree burns on his legs when he was fourteen months old after Defendant Waffle House, Inc.'s ("Defendant") employee negligently placed a cup of hot coffee with an unsecured lid within his reach. (*Id.*) This matter is before the court on Defendant's Motion in Limine, seeking an order prohibiting Plaintiffs from "presenting any treating physician of C.S. as an expert witness and further prohibiting such witnesses from offering any expert medical opinions, including opinions on diagnosis, prognosis, impairment, the future medical needs of C.S., and the medical necessity or reasonableness of any care or treatment afforded to C.S." (ECF No. 41 at 1.) For the reasons set forth below, the court **GRANTS** Defendant's Motion in Limine (*Id.*).

## I.     RELEVANT BACKGROUND

On March 28, 2019, Plaintiffs served their Answers to Defendant's First Set of Interrogatories. (ECF No. 36-4.) In their Answers, Plaintiffs identified C.S.'s treating physicians, Dr. Jeffrey Lohr ("Dr. Lohr") and Dr. Zaheed Hassan ("Dr. Hassan"), as "witnesses concerning the facts of the case[.]" (*Id.* at 1.) However, Plaintiffs' Answers failed to identify Dr. Lohr and

1

Dr. Hassan as expert witnesses. In response to Defendant's interrogatory about Plaintiffs' expert witnesses, Plaintiffs stated they had "not retained an expert but reserve the right to do so and will supplement this response." (*Id.* at 4.) Plaintiffs did not designate a single expert by the July 16, 2019 expert designation deadline in the Second Amended Scheduling Order. (ECF No. 28 at 2.)

Defendant filed the instant Motion in Limine on April 10, 2020, asserting that Dr. Lohr and Dr. Hassan should be limited to testifying as lay witnesses because Plaintiffs failed to identify them as expert witnesses by the expert designation deadline. (ECF No. 41 at 4.)

On April 17, 2020, Plaintiffs filed a Rule 26(a)(2)(C) Disclosure identifying both Dr. Lohr and Dr. Hassan as experts. (ECF No. 43.) Plaintiffs subsequently filed a Response to Defendant's Motion in Limine on April 20, 2020. (ECF No. 46.) Defendant then filed a Reply on April 27, 2020. (ECF No. 50.)

## II.  LEGAL STANDARD

"Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006). "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *United States v. Verges*, No. 1:13-cr-222-JCC, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). When ruling upon a motion in limine, a federal district court exercises "wide discretion." *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir. 1996) (quoting *United States v. Heyward*, 729 F.2d 297, 301 n.2 (4th Cir. 1984)). However, a motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *Verges*, 2014 WL 559573, at *3; *see also Fulton v. Nisbet*, C/A No. 2:15-4355-RMG, 2018 WL 565265, at *1 (D.S.C. Jan. 25, 2018).

Federal Rule of Civil Procedure 26(a)(2) sets forth mandatory expert witness disclosures. Rule 26(a)(2)(A) requires parties to disclose the identity of expert witnesses while Rule 26(a)(2)(B) provides that witnesses retained to provide expert testimony must supply a report. If a party fails to comply with Rule 26, Federal Rule of Civil Procedure 37(c)(1) states that the non-compliant party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Accordingly, it "is clearly within the court's power under Rule 37(c)(1) to exclude witnesses who are not properly identified." *Ingram v. ABC Supply Co., Inc.*, No. 3:08-1748-JFA, 2010 WL 233859, at *2 (D.S.C. Jan. 14, 2010). Courts have "to be alert to efforts to smuggle expert testimony into the case without complying with these requirements by characterizing it as lay testimony." 8A Charles A. Wright, Arthur R. Miller, and Richard L. Marcus, *Fed. Prac. & Proc. Civ.* § 2031.1 (3d ed. 2020).

When exercising its "broad discretion" to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

### III.     ANALYSIS

Defendant does not seek to prevent Dr. Lohr and Dr. Hassan from testifying as fact witnesses. (ECF No. 50 at 1.) Instead, it seeks "to limit those witnesses to serving as lay witnesses only." (*Id.*) Defendant asks the court to prohibit Dr. Lohr and Dr. Hassan from testifying as expert witnesses and "offering any expert medical opinions, including opinions on diagnosis, prognosis,

3

impairment, the future medical needs of C.S., and the medical necessity or reasonableness of any care or treatment afforded to C.S." (ECF No. 41 at 1.)

Under Federal Rule of Evidence 701, opinion testimony by lay witnesses must be rationally based on the witness' perception, helpful to clearly understanding the witness' testimony or to determining a fact in issue, and "not based on scientific, technical, or other specialized knowledge" within the scope of Federal Rule of Evidence 702. Testimony based on "scientific, technical, or other specialized knowledge" must be given by witnesses who qualify as experts under Rule 702. *See Ingram*, 2010 WL 233859, at *2. A treating physician's testimony about a patient's diagnosis, prognosis, and future medical care is based upon "scientific, technical, or other specialized knowledge." *Id.* (citing *Aumand v. Dartmouth Hitchcock Med'l Center*, 611 F. Supp. 2d 78, 89 (D.N.H.2009)). Thus, such testimony is Rule 702 expert testimony that falls under Rule 26(a)(2)(A)'s disclosure requirement. *Id.*; *see also Stogsdill v. S.C. Dep't of Health & Human Servs.*, No. 3:12-0007-JFA, 2017 WL 3142497, at *15 (D.S.C. July 25, 2017).

Here, Plaintiffs failed to identify expert witnesses by the Second Amended Scheduling Order's expert disclosure date. (ECF No. 28.) As a result, Plaintiffs failed to make the mandatory disclosures required by Rule 26(a)(2) and may only present the treating physicians as expert witnesses if "the failure was substantially justified or is harmless" under Rule 37(c)(1).

The court finds that Plaintiffs' failure to disclose the treating physicians as expert witnesses was not "substantially justified" or "harmless." Plaintiffs are incorrect that they "cured any issues by filing a Rule 26 report formally listing Dr. Lohr and Dr. Hassan as witnesses on April 17, 2020." (ECF No. 46 at 4.) Had Plaintiffs timely disclosed the treating physicians as expert witnesses, Defendant would have deposed the treating physicians, researched their backgrounds for possible impeachment, and obtained rebuttal experts. But Defendant lost such opportunities because

Plaintiffs did not identify the treating physicians as experts until nine months after the deadline for naming experts, six weeks after the discovery deadline, and three weeks after Defendant filed a Motion for Summary Judgment. (ECF Nos. 28, 36, 43.)

Allowing the treating physicians to testify as experts would not disrupt trial because a trial date has not been scheduled. However, allowing them to provide expert testimony would impact the court's consideration of Defendant's Motion for Summary Judgment (ECF No. 36). Both Defendant's Motion for Summary Judgment and Plaintiffs' Response to Defendant's Motion for Summary Judgment were filed before Plaintiffs identified Dr. Lohr and Dr. Hassan as experts. (*Id.*, ECF No. 39.)

Expert testimony on the reasonableness of C.S.'s treatment and extent of C.S.'s injuries is important to establish the severity of C.S.'s injuries. Nevertheless, Plaintiffs have failed to provide a sufficient explanation for their failure to identify the treating physicians as experts. Plaintiffs admit that the failure was a result of "ignorance" and that they were "under the impression" that treating physicians were "essentially fact witnesses" who did not require expert disclosures. (ECF No. 46 at 4-5.) Mere inadvertence is an uncompelling explanation for failure to identify treating physicians as experts. *See Wiseman v. Wal-Mart Stores, Inc.*, No. 1:16-cv-04030-SAG, 2017 WL 4162238, at *5 (D. Md. Sept. 19, 2017).

Consequently, the court concludes that Plaintiffs' failure to disclose Dr. Lohr and Dr. Hassan as expert witnesses was unjustified and that Defendant could be substantially prejudiced by their expert testimony. As a result, Dr. Lohr's and Dr. Hassan's expert testimony is precluded by Rule 37(c)(1).

The court will not permit Dr. Lohr and Dr. Hassan to provide any expert opinions, including expert opinions on C.S.'s diagnosis, prognosis, and future medical needs. The court will restrict

Dr. Lohr and Dr. Hassan to providing testimony about their individual observations and treatment of C.S. In other words, the treating physicians will be permitted to testify to their observations, course of treatment, and diagnosis of C.S. at the time they treated him. They will not be allowed to provide opinions based on "scientific, technical, or other specialized knowledge" that were formulated after they treated C.S. The court's decision is consistent with prior treatment of undisclosed treating physician experts in this district. *See Ingram*, 2010 WL 233859 (prohibiting plaintiff's treating physicians from providing expert testimony because plaintiff never named them as expert witnesses); *Stogsdill*, 2017 WL 3142497 (excluding treating physician's testimony to the extent it consists of expert opinion testimony because treating physician was not listed as an expert).

## IV.    CONCLUSION

For the foregoing reasons, the court **GRANTS** Defendant's Motion in Limine (ECF No. 41). Dr. Lohr and Dr. Hassan may provide lay witness testimony about their individual observations and treatment of C.S. However, they may not provide expert opinion testimony.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 13, 2021
Columbia, South Carolina