# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Alex and Courtney Springs, on behalf of their son, C.S., | ) )  Civil Action No.: 3:18-cv-03516-JMC |
| Plaintiffs, | ) ) ) **ORDER** |
| v. | ) ) |
| Waffle House, Inc., | ) ) |
| Defendant. | ) ) ) |

Plaintiffs Alex ("Mr. Springs") and Courtney ("Mrs. Springs") Springs (collectively, "Plaintiffs") filed this negligence action on behalf of their son, C.S. (ECF No. 1). They allege that C.S. suffered second-degree burns on his legs when he was fourteen months old after Defendant Waffle House, Inc.'s ("Defendant") employee negligently placed a cup of hot coffee with an unsecured lid within his reach. (*Id.*) This matter is before the court pursuant to Defendant's Motion for Summary Judgment (ECF No. 36). For the foregoing reasons, the court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Summary Judgment (*Id.*).

## I.   RELEVANT BACKGROUND

On December 25, 2017, Plaintiffs went to Defendant's restaurant in Lexington, South Carolina for breakfast with C.S., their fourteen-month-old son. (ECF Nos. 36-2 at 2; 36-3 at 2-3.) During their meal, Plaintiffs sat in a booth with Mrs. Springs on one side, Mr. Springs on the other side, and C.S. sitting in Mr. Springs' lap. (ECF No. 36-2 at 2.)

After Plaintiffs finished their meal, Virginia Higginbotham ("Higginbotham"), a cook at Defendant's Lexington location, came to Plaintiffs' table and began talking with Mr. Springs. (*Id.*; ECF No. 36-3 at 2, 4.) While Higginbotham and Mr. Springs were talking, Amber Hoover

1

("Hoover"), a waitress at the restaurant, asked Plaintiffs if they would like to-go cups of coffee. (ECF Nos. 36-2 at 12; 36-3 at 4; 39-7 at 2.)  Plaintiffs responded that they did. (*Id.*)

When Hoover returned with two to-go cups of coffee, Mr. Springs was still talking to Higginbotham and C.S. was still sitting in Mr. Springs' lap.  (ECF Nos. 36-2 at 2; 36-3 at 4.) Hoover placed the two to-go cups of coffee on the table in front of Plaintiffs and Mrs. Springs thanked her for bringing them.  (ECF Nos. 36-2 at 2, 17; 39-7 at 2.)  C.S. then reached for Mr. Springs' cup and spilled coffee on himself.  (ECF Nos. 36-2 at 2, 17-19; 36-3 at 4, 14, 17-19.)

After the coffee spilled, C.S. began screaming.  (ECF Nos. 36-2 at 2; 36-3 at 5.)  Mr. Springs handed C.S. to Mrs. Springs and they began to take his pants off.  (*Id.*)  Once they saw C.S.'s skin peeling off as they removed his pants, Plaintiffs left the restaurant to seek medical assistance at an urgent care clinic.  (ECF Nos. 36-2 at 3; 36-3 at 4-5; 39-5 at 5.)

On December 19, 2018, Plaintiffs filed this action against Defendant, alleging a single cause of action for negligence.  (ECF No. 1.)  Defendant filed the instant Motion for Summary Judgment (ECF No. 36) on March 27, 2020, asserting that Plaintiffs failed to offer evidence creating a genuine issue of material fact regarding its negligence.  Plaintiffs then filed a Response in Opposition (ECF No. 39) on April 10, 2020 to which Defendant filed a Reply (ECF No. 47) on April 20, 2020.  The court held a hearing on Defendant's Motion for Summary Judgment on January 28, 2021.  (ECF No. 71.)

## II.  LEGAL STANDARD

A. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect the disposition

of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the non-moving party. *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 434 (4th Cir. 2011).

When ruling on a summary judgment motion, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). The non-moving party may not oppose a summary judgment motion with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(c) (1); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 256. All that is required to survive summary judgment is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.

B. Negligence

To prevail on a negligence claim in South Carolina, a plaintiff must establish that (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty; (3) the breach was an actual or proximate cause of the plaintiff's injury; and (4) the breach resulted in injury to the plaintiff. *Madison v. Babcock Ctr., Inc.*, 638 S.E.2d 650, 656 (S.C. 2006).

### III.   ANALYSIS

A. Duty

Plaintiffs contend that Defendant owed them a duty of reasonable care as invitees. (ECF No. 39 at 3-4.) Defendant conceded that it owed Plaintiffs a duty of reasonable care at the Motion for Summary Judgment Hearing on January 28, 2021.

"Whether the law recognizes a particular duty is an issue of law to be determined by the court." *Jackson v. Swordfish Inv., L.L.C.*, 620 S.E.2d 54, 56 (S.C. 2005).  A person is an invitee "if he enters by express or implied invitation, his entry is connected with the owner's business or with an activity the owner conducts or permits to be conducted on his land, and there is a mutuality of benefit or a benefit to the owner." *Sims v. Giles*, 541 S.E.2d 857, 862 (S.C. Ct. App. 2001).  In this case, Plaintiffs qualify as invitees because they entered Defendant's restaurant in order to dine at the restaurant.  (*See, e.g.*, ECF Nos. 36-2 at 2; 36-3 at 4.)

A property owner owes an invitee "the duty of exercising reasonable or ordinary care for his safety[.]" *Larimore v. Carolina Power & Light*, 531 S.E.2d 535, 539 (S.C. Ct. App. 2000).  However, a "merchant is not an insurer of the safety of his customer[.]" *Garvin v. Bi-Lo, Inc.*, 541 S.E.2d 831, 832 (S.C. 2001).  A merchant "owes only the duty of exercising ordinary care to keep the premises in reasonably safe condition." *Id.*  "Under South Carolina law, the owner of property owes no duty to use reasonable care to take precautions against or to warn guests of open and obvious dangers.  In such situations, the guests themselves have a duty to discover and avoid the danger." *Green v. United States*, 105 F. App'x 515, 516 (4th Cir. 2004) (citing *Neil v. Byrum*, 343 S.E.2d 615, 616 (S.C. 1986)).  "The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries.  If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." *Larimore*, 531 S.E.2d at 538.

"To recover damages for injuries caused by a dangerous or defective condition on a defendant's premises, a plaintiff 'must show either (1) that the injury was caused by a specific act of the respondent which created the dangerous condition; or (2) that the respondent had actual or constructive knowledge of the dangerous condition and failed to remedy it.'" *Pringle v. SLR, Inc. of Summerton*, 675 S.E.2d 783, 787 (S.C. Ct. App. 2009) (quoting *Anderson v. Racetrac*

4

*Petroleum, Inc.*, 371 S.E.2d 530, 531 (1988)). "The showing that a defendant created a condition that led to a plaintiff's injury is not, however, sufficient to survive a summary judgment motion unless there is evidence that in creating the condition, the defendant acted negligently." *Id.*

"The degree of care owed with regard to an open and obvious danger is commensurate with the circumstances involved, including the possessor's prior knowledge of the defect's existence and the age and capacity of the invitee." *Hackworth v. United States*, 366 F. Supp. 2d 326, 330 (D.S.C. 2005) (citing *Larimore*, 531 S.E.2d at 539-40). "The open and obvious danger rule has an exception, where the premises owner should reasonably anticipate that invitees may be distracted or will not discover the danger." *Id.* (citing *Callander v. Charleston Doughnut Corp.*, 406 S.E.2d 361, 362-63 (1991)).

B. Breach

Although Defendant concedes that it owed Plaintiffs a duty of due care, it maintains that it did not breach that duty. Whether a defendant breached its duty of care is a question of fact. *See Brooks v. GAF Materials Corp.*, 41 F. Supp. 3d 474, 484 (D.S.C. 2014) (citing *Dorrell v. S.C. DOT*, S.E.2d 12, 18 (S.C. 2004)). Plaintiffs assert that Defendant breached its duty by "failing to properly secure the lid on the cup;" "failing to properly inspect the cup;" "failing to serve its coffee at a reasonable temperature;" "placing the hot coffee directly in front of the minor child with an unsecured lid;" and "failing to exercise the degree of care which a reasonable prudent person would have exercised under the same circumstances[.]" (ECF No. 1 at 2-3.) In their Response, Plaintiffs acknowledge that they "do not rely on a theory of products liability to show Defendant was negligent." (ECF No. 39 at 4.) The court also notes that Plaintiffs have not pled a failure to warn claim. (*See* ECF No. 1.) The court will now address each claim in turn.

### 1. Breach of duty by "failing to properly secure the lid on the cup"

Plaintiffs maintain that Defendant is not entitled to summary judgment on this claim because "[t]estimony was offered from both Mrs. and Mr. Springs that the coffee cup that spilled on C.S. did not have a secure lid." (ECF No. 39 at 7.) However, Defendant argues that Plaintiffs may not avoid summary judgment by submitting contradictory evidence. (ECF No. 47 at 4.) After a thorough review of the record, the court finds that Defendant is entitled to summary judgment on this claim because there is no genuine dispute whether the lid on the coffee cup that spilled was properly secured.

Kristen Geddings ("Geddings"), the manager of the restaurant at the time the incident occurred, testified during her deposition that she saw Hoover walk to Plaintiffs' table with the lids secured on the to-go cups of coffee. (ECF No. 39-6 at 2.) When asked why she believed that "the coffee lids were put on properly[,]" she responded, "I had seen that they were, like, on top of the cup. I mean – and the creamers were on top, not, like, flipped upside-down in the cup and the creams on, because that's a no-no." (*Id.*)

Unlike Geddings' testimony, Plaintiffs' deposition testimony is self-contradictory. Mrs. Springs first testified that Mr. Springs' cup was the one that spilled and that the lid "appeared to be fixed[.]" (ECF No. 36-2 at 13, 14.) But when asked if she saw whether the lid was affixed to Mr. Springs' cup, she responded "[n]o." (*Id.* at 15.) Similarly, when subsequently asked whether it was correct that she could not "testify as to whether [the lid] was on properly or not[,]" Mrs. Springs responded, "[t]hat's correct." (*Id.*) Mr. Springs likewise gave self-contradicting testimony about the position of the lid during his deposition. At the beginning of his deposition, Mr. Springs testified that the lid on his coffee cup was "upside down." (ECF No. 36-3 at 13.) However, he

6

later testified, "Under oath I can – I – I can't say that I studied it and saw that the lid was upside down." (*Id.* at 15.)

"It is a 'long-standing principle that a party against whom summary judgment is sought cannot create a jury issue by identifying discrepancies in his own account of the facts.'" *Riggins v. SSC Yanceyville Operating Co., LLC*, 800 F. App'x. 151, 159 (4th Cir. 2020) (quoting *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 185 n.7 (4th Cir. 2001)). Thus, it is "well-settled that a plaintiff may not avoid summary judgment by submitting contradictory evidence." *Williams v. Genex Servs., LLC*, 809 F.3d 103, 110 (4th Cir. 2015) (citing *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984)). To do so would "greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Id.*

Here, it would be inappropriate to allow Plaintiffs to avoid summary judgment based on contradictions within their own testimony. Given that the only other testimony in the record concerning the position of the lid on the cup suggests that the lid was secured, there is no genuine dispute about the position of the lid. Accordingly, the court grants Defendant's Motion for Summary Judgment as to Plaintiffs' claim that Defendant negligently failed to secure the lid on the cup.

### 2. *Breach of duty by "failing to properly inspect the cup"*

Plaintiffs appear to have abandoned this claim. Defendant's First Set of Interrogatories asked Plaintiffs to "[i]dentify or describe all ways in which the Plaintiffs contend in Paragraph 8(d) of their Complaint that the Defendant failed to exercise the degree of care which a reasonable prudent person would have exercised under the same circumstances." (ECF No. 36-4 at 5.) Plaintiffs responded, "*See* Complaint. Defendant served unreasonably hot coffee. Defendant placed the unreasonably hot coffee in close proximity to minor child C.S. Defendant did not secure

7

the lid of the to-go-cup, and instead had the lid placed upside down on top of the cup." (*Id.* at 6.) Although Plaintiffs' response directs Defendant to the Complaint, it explicitly enumerates three of Plaintiffs' five negligence claims and fails to mention Plaintiffs' failure to inspect claim. Similarly, Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment fails to even reference the failure to inspect claim.

The record is deplete of evidence suggesting that the cup was defective. There is no evidence suggesting that there was a hole in the cup, that the cup was made of defective material, or that the cup was improperly shaped. As the evidence does not create a genuine question of material fact about Defendant's failure to inspect, the court grants Defendant's Motion for Summary Judgment as to Plaintiffs' claim that Defendant breached its duty by failing to inspect the cup.

### 3. Breach of duty by "failing to serve its coffee at a reasonable temperature"

The court first observes that hot coffee is an open and obvious danger. *See Maneri v. Starbucks Corp. Store #1527*, No. 17-3881, 2019 WL 5626650 (E.D. Pa. Oct. 31, 2019) ("the fact that a hot beverage such as tea is hot enough to cause second degree burns … should be obvious"); *Hurvitz v. Starbucks Corp.*, No. 0613, 2007 WL 5323787 (Pa. Com. Pl. Nov. 20, 2007) (finding that coffee shop defendant did not breach a duty of care to customer plaintiff when plaintiff spilled hot tea on herself and suffered second-degree burns because a "reasonable person … would know that hot water can cause a burn"). As the coffee at issue was being served to two adults and not directly to a minor, Defendant did not owe Plaintiffs a duty to take precautions against the open and obvious danger of the hot temperature of the coffee. *See Green*, 105 F. App'x at 516. Instead, Plaintiffs had a duty to avoid the danger posed by the temperature of the coffee. *Id.*

The court acknowledges that Mr. Springs claims he was "distracted" when the cup of coffee was placed in front of him. (ECF No. 36-3 at 11.) However, the court finds that Mr. Springs was not distracted enough to fail to appreciate the danger of the hot coffee. Mr. Springs admits that he was "watching" the cup while Hoover was putting it on the table and that he thanked Hoover for bringing the coffee over. (*Id.* at 22.) Therefore, the distraction exception to the open and obvious danger rule, which imposes a duty on premises owners to take reasonable care against open and obvious dangers when the premises owner should reasonably anticipate that invitees may be distracted, does not apply here and Defendant had no duty to protect Plaintiffs from the danger of the coffee's temperature.

Additionally, the court agrees with Defendant that "Plaintiffs have presented no evidence to support their claim that the coffee brewed and served at the Waffle House was at an unreasonable temperature[.]" (ECF No. 36-1 at 5.) Plaintiffs have not identified an expert to testify that the temperature of the coffee served to Plaintiffs violated a standard of care or industry standard. (ECF No. 52.) The only evidence in the record concerning the temperature of the coffee is Defendant's corporate representative's deposition testimony that Defendant is "aware of the – of the possibility" that coffee can burn human skin if spilled. (ECF No. 39-2 at 3.) Thus, the record does not suggest a reasonable temperature for the coffee.

Defendant did not owe Plaintiffs a duty to take precautions against the open and obvious danger of the hot temperature of the coffee because there is no evidence that Plaintiffs were distracted. Additionally, there is no evidence in the record creating a genuine factual dispute about the reasonableness of the temperature of the coffee served to Plaintiffs. Accordingly, the court must find as a matter of law that Defendant was not negligent in serving coffee at an unreasonable

temperature. Thus, the court grants Defendant's Motion for Summary Judgment as to Plaintiffs' negligence claim based on the allegation that the coffee was too hot.

### 4. Breach of duty by "placing the hot coffee directly in front of the minor child with an unsecured lid"

The court finds that there is a genuine issue of material fact as to whether the coffee was placed within the reach of C.S. Higginbotham testified that Hoover placed the coffee cup "in front of [Mr. and Mrs. Springs] but not directly in front where the kid could have got them." (ECF No. 47-1 at 3.) She added that C.S. had to "stand" to "come up off his daddy's lap" to reach the coffee cup. (*Id.* at 5.) However, Mrs. Springs' testimony directly contradicts Higginbotham's deposition. Mrs. Springs testified that the coffee cup was placed "in front" of her husband "not right at the edge of the table, but a couple inches in." (ECF No. 36-2 at 16.) She testified that the coffee was positioned so close to C.S. that he did not have to stand up or move to reach the coffee cup. (*Id.* at 17.)

Plaintiffs have also presented evidence that placing the coffee cup within C.S.'s reach would be a violation of Defendant's policies. Defendant's corporate representative testified at his deposition that it is Defendant's "policy to serve … hot coffee to the adult and not the minor" and that "[i]t would not comply [with Waffle House policies and procedures] if [Hoover] put [the coffee] within the reach of the child[.]" (ECF No. 39-2 at 4.)

Given the conflicting testimony about the position of the cup and Defendant's policy of not serving hot coffee to minors, a reasonable juror could find that Defendant breached its duty to Plaintiffs by placing the coffee cup in a position where C.S. could reach it. Thus, the court denies Defendant's Motion for Summary Judgment as to Plaintiffs' negligence claim based on the allegation that Defendant placed the coffee cup in front of the minor.

> 5. Breach of duty by "failing to exercise the degree of care which a reasonable prudent person would have exercised under the same circumstances"

In South Carolina, negligence has been defined as "the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation; or doing what such a person, under the existing circumstances, would not have done." *Jones v. American Fidelity & Cas. Co.*, 43 S.E.2d 355, 359 (1947). Whether an individual has acted negligently on a particular occasion is determined from an objective perspective of reasonableness under the circumstances. F. Patrick Hubbard & Robert L. Felix, *South Carolina Law of Torts* 60 (2004).

In this case, there is a genuine issue of material fact as to whether Hoover acted as a reasonable and prudent person when serving the coffee at issue. Viewing the evidence in the record in the light most favorable to Plaintiffs, a reasonable jury could find that Hoover failed to act as a reasonable and prudent person by placing the coffee cup within the reach of C.S. Accordingly, the court denies Defendant's Motion for Summary Judgment as to Plaintiff's negligence claim that Defendant failed to exercise the degree of care of a reasonable and prudent person.

**C. Damages**

Defendant claims that it is entitled to summary judgment because Plaintiffs have not presented expert medical evidence to prove the reasonableness and necessity of C.S.'s claimed medical expenses. (ECF No. 36-1 at 14.) The court disagrees.

"A plaintiff in a personal injury action seeking damages for the cost of medical services provided to him as a result of a tortfeasor's wrongdoing is entitled to recover the reasonable value of those medical services, not necessarily the amount paid." *Haselden v. Davis*, 579 S.E.2d 293, 295 (S.C. 2003). However, a plaintiff is not required to present expert medical testimony to establish the reasonable value of medical services. A plaintiff seeking damages for the cost of

11

medical services can establish a prima facie case for damages by presenting the bills received for the medical services. *See, e.g.*, *Woodberry v. United States*, 2:12-CV-1872-DCN, 2015 WL 4395154, at *8 (D.S.C. July 16, 2015) (determining the reasonable value of past medical services based on the amount billed); *Covington v. George*, 597 S.E.2d 142, 144 (S.C. 2004) (affirming trial court decision to use the amount billed to ascertain the reasonable value of past medical services). The jury can then consider "the amount billed" to Plaintiffs and "the relative market value" of the medical services in determining the reasonableness of the medical bills. *Haselden*, 579 S.E.2d at 295.

As Plaintiffs have indicated their intent to introduce the bills received for the treatment of C.S.'s burns at trial, Plaintiffs will be able to establish a prima facie case for damages at trial. (ECF No. 52.) Therefore, the court denies Defendant's Motion for Summary Judgment on this ground.

### D. Comparative Negligence

Lastly, Defendant contends that the doctrine of comparative negligence bars Plaintiffs' claims. (ECF No. 36-1 at 13.)

A negligence claim is barred as a matter of law by the defense of comparative negligence "if the sole reasonable inference which may be drawn from the evidence is that the plaintiff's negligence exceeded fifty percent." *Bloom v. Ravoira*, 529 S.E.2d 710, 713 (S.C. 2000). "Ordinarily, comparison of the plaintiff's negligence with that of the defendant is a question of fact for the jury to decide." *Id.* Therefore, "summary judgment is generally not appropriate in a comparative negligence case." *Id.*

Here, the only reasonable inference from the evidence is not that Plaintiffs' negligence exceeded fifty (50) percent. A reasonable jury could find that Plaintiffs were negligent based on

the evidence in the record that Plaintiffs did not secure C.S. in a highchair, knew the coffee cups had been placed on the table, and did not restrain C.S. from reaching for the coffee cup. (ECF Nos. 36-2 at 12-13; 36-3 at 18-19; 39-6 at 2-3.) Conversely, a reasonable jury could also find that Defendant was negligent in placing the coffee cup within C.S.'s reach. (ECF No. 36-2 at 16-17.) Thus, viewing the evidence in the light most favorable to Plaintiffs, a reasonable jury could find that Plaintiffs' negligence did not exceed fifty (50) percent. As a result, summary judgment is precluded on this ground.

## IV.     CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Summary Judgment (ECF No. 36). The court grants Defendant's Motion as to Plaintiffs' claims that Defendant was negligent in failing to secure the lid on the cup, failing to inspect the cup, and failing to serve the coffee at a reasonable temperature. The court denies Defendant's Motion on all other grounds.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 18, 2021
Columbia, South Carolina