# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Alex and Courtney Springs, on behalf of their son, C.S., | ) )  Civil Action No.: 3:18-cv-03516-JMC |
| Plaintiffs, | ) ) ) **ORDER** |
| v. | ) ) |
| Waffle House, Inc., | ) ) |
| Defendant. | ) ) ) |

This matter is before the court on Plaintiffs Alex ("Mr. Springs") and Courtney ("Mrs. Springs") Springs' (collectively, "Plaintiffs") Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 75.) For the reasons set forth below, the court **DENIES** Plaintiffs' Motion for Reconsideration. (*Id.*)

## I.     RELEVANT BACKGROUND

Plaintiffs filed this negligence action on behalf of their son, C.S. (ECF No. 1). They allege that C.S. suffered second-degree burns on his legs when he was fourteen months old after Defendant Waffle House, Inc.'s ("Defendant") employee negligently placed a cup of hot coffee with an unsecured lid within his reach. (*Id.*)

Defendant filed a Motion for Summary Judgment on March 27, 2020, asserting that Plaintiffs failed to offer evidence creating a genuine issue of material fact regarding its negligence. Plaintiffs then filed a Response in Opposition (ECF No. 39) on April 10, 2020 to which Defendant filed a Reply (ECF No. 47) on April 20, 2020. The court held a hearing on Defendant's Motion for Summary Judgment on January 28, 2021. (ECF No. 71.)

1

On February 18, 2021, the court issued an order granting in part and denying in part Defendant's Motion for Summary Judgment ("February Order"). (ECF No. 73.) The court granted Defendant's Motion as to Plaintiffs' claims that Defendant was negligent in failing to secure the lid on the cup, failing to inspect the cup, and failing to serve the coffee at a reasonable temperature. (*Id.* at 6-10.) However, it denied the Motion as to Plaintiffs' claims that Defendant was negligent in placing hot coffee in front of the minor and failing to exercise the degree of care which a reasonable and prudent person would have exercised under the same circumstances. (*Id.* at 10-11.) The court also rejected Defendant's assertions that Plaintiffs' claims are barred by the doctrine of comparative negligence and Plaintiffs' decision to not present expert medical evidence to prove the reasonableness of C.S.'s claimed medical expenses. (*Id.* at 11-13.)

Plaintiffs filed the instant Motion for Reconsideration (ECF No. 75) on February 26, 2021. Defendant filed a Response (ECF No. 80) to the Motion on March 12, 2021.

## II.     LEGAL STANDARD

Rule 59(e) allows a party to seek an alteration or amendment of a previous order of the court. Under the rule, a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the discretion of the district court. *See Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989). A motion to reconsider "may not be used to relitigate old matters, or to raise arguments or present

evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

### III.    ANALYSIS

Plaintiffs assert that the court made two (2) errors in its February Order. (ECF No. 75 at 2-4.) The court addresses each of Plaintiffs' specific criticisms below.

A. <u>The court erred because a "reasonable juror could find the lid of the coffee cup was not properly affixed"</u>

First, Plaintiffs maintain that the court erred by granting Defendant's Motion for Summary Judgment as to Plaintiffs' claim that Defendant negligently failed to secure the lid on the cup. (*Id.* at 2-3.) Specifically, they claim that the court failed to consider Plaintiffs' testimony that the lid was not properly affixed to Mrs. Springs' coffee cup and Mrs. Springs' testimony that the "entire contents [of the cup] came out before the cup even hit the table." (*Id.* (citing ECF No. 36-2 at 14).)

In its February Order, the court explicitly considered Plaintiffs' testimony that the lid was not properly secured to Mr. Springs' cup – the cup that ultimately fell on C.S. (ECF No. 73 at 6 ("when asked if she saw whether the lid was affixed to Mr. Springs' cup, [Mrs. Springs] responded '[n]o.'") ("Mr. Springs testified that the lid on his coffee cup was 'upside down.'").) However, it found that such testimony did not create a material issue of fact about the position of the lid because Plaintiffs gave contradictory testimony. Mrs. Springs testified that the lid "appeared to be fixed" to Mr. Springs' cup and that she could not "testify as to whether [the lid] was on properly or not[.]" (ECF No. 36-2 at 13-15.) Mr. Springs also stated that "I can't say that I . . . saw that the lid was upside down." (ECF No. 36-3 at 15.)

Aside from Plaintiffs' testimony, the only other evidence in the record concerning the position of the lid on Mr. Springs' cup was Kristen Geddings' testimony. When asked why she believed that "the coffee lids were put on properly[,]" she responded, "I had seen that they were,

3

like, on top of the cup. I mean – and the creamers were on top, not, like, flipped upside-down in the cup and the creams on, because that's a no-no." (ECF No. 39-6 at 2.)

"It is a 'long-standing principle that a party against whom summary judgment is sought cannot create a jury issue by identifying discrepancies in his own account of the facts.'" *Riggins v. SSC Yanceyville Operating Co., LLC*, 800 F. App'x. 151, 159 (4th Cir. 2020) (quoting *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 185 n.7 (4th Cir. 2001)). Thus, the court concluded that "it would be inappropriate to allow Plaintiffs to avoid summary judgment based on contradictions within their own testimony." (ECF No. 73 at 7.) Given that the only other evidence in the record concerning the position of the lid on the cup suggested that the lid on Mr. Springs' cup was secured, the court found that there was no genuine dispute about the position of the lid.

The court did not consider Plaintiffs' testimony about the position of the lid on Mrs. Springs' cup because Mrs. Springs' cup did not spill. However, such testimony is also contradictory. Within the same deposition, Mrs. Springs testified that the top on her cup was not secured but that lid on her cup "appeared to be fixed" and "looked like it was affixed normally[.]" (ECF No. 36-2 at 14-15.) Mr. Springs' deposition does not address whether he saw that the lid on his wife's cup was affixed before his coffee spilled. (*See* ECF Nos. 36-3, 39-4.) Nevertheless, Mr. Springs testified that he "noticed" the top was "upside down" on his wife's cup after his coffee spilled but then claimed that he "didn't look around" after his coffee spilled because his "main focus was getting [his] son to the hospital for treatment." (ECF No. 39-4 at 3, 4.)

Additionally, Mrs. Spring's testimony that the "entire contents [of the cup] came out before the cup even hit the table" does not create a material issue of fact as to the position of the lid such that it would preclude summary judgment. (ECF No. 36-2 at 14.) There is no evidence in the

4

record suggesting that a to-go coffee cup with a properly secured lid would not spill its contents before hitting the table after being grabbed by a toddler.

Accordingly, the court did not err in finding that no issue of material fact existed as to the position of the lid on Mr. Springs' coffee cup.

> B. <u>The court erred because "a reasonable juror could find Mr. Springs was distracted when the coffee was placed in front of his minor child"</u>

Second, Plaintiffs claim that the court "should not make the factual conclusion as to whether Mr. Springs was distracted when the cup of hot coffee was placed within the reach of his minor child." (ECF No. 75 at 4.)

A property owner owes an invitee "the duty of exercising reasonable or ordinary care for his safety[.]" *Larimore v. Carolina Power & Light*, 531 S.E.2d 535, 539 (S.C. Ct. App. 2000). Under South Carolina law, "the owner of property owes no duty to use reasonable care to take precautions against or to warn guests of open and obvious dangers. In such situations, the guests themselves have a duty to discover and avoid the danger." *Green v. United States*, 105 F. App'x 515, 516 (4th Cir. 2004) (citing *Neil v. Byrum*, 343 S.E.2d 615, 616 (S.C. 1986)). However, the "open and obvious danger rule has an exception, where the premises owner should reasonably anticipate that invitees may be distracted or will not discover the danger." *Hackworth v. United States*, 366 F. Supp. 2d 326, 330 (D.S.C. 2005) (citing *Callander v. Charleston Doughnut Corp.*, 406 S.E.2d 361, 362-63 (1991)). Whether a property owner owes an invitee a duty of reasonable care is "an issue of law to be determined by the court." *Jackson v. Swordfish Inv., L.L.C.*, 620 S.E.2d 54, 56 (S.C. 2005).

Before assessing whether Defendant breached a duty to Plaintiffs by failing to serve its coffee at a reasonable temperature, the court found as a matter of law that Defendant did not owe Plaintiffs a duty to take precautions against the hot temperature of the coffee because hot coffee is

5

an open and obvious danger.  (ECF No. 73 at 8 (citing *Maneri v. Starbucks Corp. Store* #1527, No. 17-3881, 2019 WL 5626650 (E.D. Pa. Oct. 31, 2019); *Hurvitz v. Starbucks Corp.*, No. 0613, 2007 WL 5323787 (Pa. Com. Pl. Nov. 20, 2007)).)  It then concluded that the distraction exception to the open and obvious danger rule did not apply.  (*Id.* at 9.)  Since Mr. Springs admitted that he was "watching" the cup when the waitress put it on the table and that he thanked the waitress for bringing the coffee over, the court determined that "Defendant did not owe Plaintiffs a duty to take precautions against the open and obvious danger of the hot temperature of the coffee because there is no evidence that Plaintiffs were distracted."  (*Id.*)

As the existence of a duty is a matter of law for the court, the court properly evaluated the distraction exception to the open and obvious danger rule as a matter of law.  *See Hackworth*, 366 F. Supp. 2d at 331 (finding that the distraction exception to the open and obvious danger rule did not apply as a matter of law).  Plaintiffs may present evidence at trial suggesting that they were distracted to support their claims that Defendant negligently placed the coffee in front of C.S. and failed to exercise the degree of care which a reasonable prudent person would have exercised under the same circumstances.  However, the evidence in the record does not support the application of the distraction exception to the open and obvious danger rule as a matter of law.

### IV.  CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiffs' Motion for Reconsideration (ECF No. 75.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 27, 2021
Columbia, South Carolina